UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No. 19-0444 (SRC) |
| Plaintiff, | OPINION & ORDER |
| v. | |
| JOHN NOTTINGHAM, | |
| Defendant. | |

**CHESLER**, District Judge

This matter comes before the Court on the motion for early termination of supervised release by Defendant John Nottingham ("Nottingham"). For the reasons stated below, the motion will be denied.

On June 26, 2019, Nottingham pled guilty to a two-count Information charging him with two counts of bank robbery in violation of 18 U.S.C. § 2113(a). This Court sentenced Nottingham to 63 months' imprisonment, a three-year term of supervised release, and ordered Nottingham to pay $13,357 in restitution. See ECF No. 20-21. Nottingham's term of supervised release commenced on or about September 22, 2022. Nottingham's restitution remains unpaid. His term of supervised release is due to expire on or about September 15, 2025. Nottingham filed the instant motion for early termination of his term of supervised release on October 19, 2019, arguing that his advanced age and "array of mental and physical health problems," in addition to his "full compliance in every area of supervision," justify early termination. See Motion for Early Termination of Supervised Release (ECF No. 28) at 1-2. The Government opposed Nottingham's

motion on November 8, 2023 via letter brief. See Government's Opposition to Motion for Early Termination of Supervised Release (ECF No. 29).

At the outset, Nottingham's plea agreement waived any right to challenge his sentence, so his motion fails on this basis alone. Where a defendant agrees in a plea agreement to waive any challenge to the sentence imposed by the court, that agreement encompasses motions to modify the terms of supervised release. United States v. Damon, 933 F.3d 269, 274-75 (3d Cir. 2019). The waiver here reads:

> [Defendant] knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court . . .

ECF No. 14, at 10. Nottingham expressly waived the right to challenge his sentence, and a term of supervised release is a component of that sentence. Damon, 933 F.3d at 274. The instant motion is therefore barred.

Even if Nottingham's plea agreement did not bar the instant motion, the merits would not militate in favor of granting it. The relevant statutory provision, 18 U.S.C. § 3583(e), states:

> The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The Court may only provide relief if, after considering these factors, "it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). The Court "enjoys discretion to consider a wide range

2

of circumstances when determining whether to grant early termination." Id. The Court is not required to make specific findings of fact; a statement that the Court has considered the statutory factors is sufficient. Id. at 53. "[E]xtraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination." Id. (citing United States v. Murray, 692 F.3d 273, 279 (3d Cir. 2012)) (emphasis in original). However, "generally, early termination of supervised release under § 3883(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." Id. (quoting United States v. Davis, 746 F. App'x 86, 89 (3d Cir. 2018)) (internal quotations and modifications omitted). The defendant has the burden to prove that early termination is warranted. United States v. McDowell, 888 F.2d 285, 291 (3d Cir. 1989).

Even considering the factors stated in 18 U.S.C. § 3553, this Court concludes that early termination of supervised release is not warranted by the conduct of Defendant and is not in the interest of justice. Nottingham notes in his motion that he has been in full compliance with a halfway house program and successfully completed an intensive outpatient program. He also notes his advance age and various health problems. While the Court commends Nottingham's compliance with these various programs and takes notice of his health problems, these are not sufficient changes in circumstances such that early termination of supervised release would be appropriate. The fulfillment of Nottingham's term of supervised release is necessary to reflect the seriousness of his office and the need to deter future conduct. Nottingham has presented no evidence that a change in circumstances warrants a modification. While the Court is not required to find such a change in circumstances, see Melvin, 978 F.3d at 53, in the absence of such a change,

3

there are no affirmative reasons to find that a modification of Nottingham's supervised release is warranted or in the interest of justice.

For these reasons,

**IT IS** on this 17th day of November, 2023

**ORDERED** that defendant's motion for early termination of supervised release is **DENIED**.

                                                         s/Stanley R. Chesler
                                             STANLEY R. CHESLER, U.S.D.J.